UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dominick Alexander Brown, #589190,<br>　　　　　　　　　　Petitioner,<br>vs.<br><br>Sheriff Kristin Griaziana,<br>　　　　　　　　　　Respondent. | ) C/A No.  4:24-4595-RMG-TER<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

　　　　Petitioner, proceeding *pro se*, brings this action as a state pre-trial detainee requesting habeas relief under § 2241.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.  The Petition is subject to summary dismissal.

**STANDARD OF REVIEW**

　　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990). Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.  The Rules Governing Section 2254 Cases are also applicable to Section 2241 cases.  *See* Rule 1(b) of Rules Governing Section 2254 Cases.

**DISCUSSION**

Petitioner has filed what is referred to as a local § 2241 Petition. Petitioner's argument and public state court records show Petitioner has been declared incompetent in his state criminal action at the pre-trial stage, and Petitioner has been placed involuntarily in the South Carolina Department of Mental Health in Columbia. Petitioner does not request release as relief; Petitioner's request for relief appears more akin to a civil rights action than a habeas action. Petitioner requests access to a law library, case law study, competent defense counsel, and transcripts of the state court hearings, in order that he may "prepare and present an effective defense" in state court. (ECF No. 1 at 7). The essence of Petitioner's request for relief is inapposite of the state court findings that he is not competent to go to trial or assist his counsel and Petitioner's request appears to be contesting the state court's order in the pending criminal proceeding. (ECF No. 1 at 7).

Petitioner was indicted for stalking in January 2024 out of Charleston County[1] and is represented by counsel with filings last entered into the state criminal case in August 2024. Petitioner's first ground only argues that his public defender was acting under color of state law. (ECF No. 1 at 6). An attorney, whether retained, court appointed, or a public defender does not act under color of state law or federal law. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts*,

---

[1] *See generally*, https://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

547 F.2d 800 (4th Cir.1976) (per curiam) (private attorney). Petitioner appears to be pursuing his arguments regarding his attorney also in state court.

Ground two is similar to Petitioner's request for relief as discussed above; Petitioner wants law library access, copies, and online research capacity. This is an attempt to contest the state court's order in Petitioner's pending criminal proceeding as to his competency to stand trial and assist in his defense. Ground three and four are assertions that his lawyer should give him transcripts of hearings. These are issues well within the purview of Petitioner's pending state court action where Petitioner was declared incompetent.

This case is subject to summary dismissal based on the following principles regarding abstention.

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, "[p]re-trial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (internal quotations and citation omitted). "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (*quoting Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

In *Younger v. Harris*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer

irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

The following test is applicable to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The information contained in the Petition filed in this case, supplemented by public records, indicate that an ongoing state criminal proceeding exists. The second criteria has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see also Drayton v. Hayes*,

589 F.2d 117, 121 (2d Cir. 1979). Where the right may be adequately preserved by orderly post-trial relief, such as by appeal or collateral review processes, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. Petitioner's claims may be raised in state court through motions. Because Petitioner can pursue his claims in state court, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. *See Younger*, 401 U.S. at 43-44. Petitioner is precluded from federal habeas relief at this time and his Petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Petition be dismissed *without prejudice and without requiring the respondent to file a return*.

|  |  |
|---|---|
| September 27, 2024<br>Florence, South Carolina | s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).