# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Dominick Alexander Brown, #589190,  Petitioner,  v.  Sheriff Kristin Griaziana,  Respondent. | Case No. 4:24-4595-RMG  **ORDER AND OPINION** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending Petitioner's petition for writ of habeas corpus (Dkt. No. 1) be dismissed. (Dkt. No. 13). Petitioner did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Petitioner's petition. (Dkt. No. 13).

## I. Background

Petitioner Dominick Alexander Brown has been declared incompetent in his state criminal action at the pre-trial stage and has been placed involuntarily in the South Carolina Department of Mental Health in Columbia. Petitioner filed a § 2241 Petition requesting access to a law library, case law study, competent defense counsel, and transcripts of the state court hearings, in order that he may "prepare and present an effective defense" in state court. (Dkt. No. 1 at 7). Petitioner's request appears to be contesting the state court's order in the pending criminal proceeding. (Dkt. No. 1 at 7). Petitioner was indicted for stalking in January 2023 in Charleston County and is represented by counsel with filings last entered into the state criminal case in August 2024. The Magistrate Judge found that the petition should be dismissed based on the abstention doctrine.

## II.     Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Petitioner's case be summarily dismissed because Petitioner failed to satisfy the test in *Younger v. Harris*, 401 U.S. 37 (1971), which only allows federal courts to interfere with state criminal proceedings in the most narrow and extraordinary of circumstances.

The following test is applicable to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, abstention is appropriate because all three elements of the test are satisfied. As the Magistrate Judge noted, the information in the Petition and other public records indicate that an ongoing state criminal proceeding for Petitioner exists. (Dkt. No. 13 at 4). The Supreme Court has noted that states have important interests in "administering their criminal justice systems free from federal interference" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is satisfied because Petitioner's ongoing state action provides him with the adequate opportunity to raise his federal claims. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

Further, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Because Petitioner can raise his claims in state court, he has failed to demonstrate any "special circumstances" that would justify granting the petition. Petitioner is precluded from federal habeas relief.

### IV. Conclusion

In light of the foregoing, this Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 13) and **DISMISSES** Petitioner's petition without prejudice and without requiring the respondent to file a return.

**AND IT IS SO ORDERED.**

                                            s/Richard M. Gergel
                                            Richard Mark Gergel
                                            United States District Judge

October 18, 2024
Charleston, South Carolina